FILED

JUL 6 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE CHUNG, M.D., | No. 09-17607 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-02615-MHP |
| v. | |
| BARBARA JOHNSTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Wayne Chung, M.D., appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action arising from the suspension and probation

of his medical license by the Medical Board of California.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Knievel v. ESPN*, 393 F.3d 1068,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1072 (9th Cir. 2005) (failure to state a claim); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (immunity). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Chung's federal constitutional claims was proper on the basis of absolute immunity. *See Olsen*, 363 F.3d at 926 (state medical board members, professional staff, and counsel "function in a sufficiently judicial and prosecutorial capacity to entitle them to absolute immunity"); *Paine v. City of Lompoc*, 265 F.3d 975, 980 (9th Cir. 2001) (witnesses are entitled to absolute immunity for their testimony in judicial proceedings).

To the extent that defendants' alleged conduct is not protected by absolute immunity, the district court properly dismissed Chung's action because Chung failed to allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001) (defendants are entitled to qualified immunity for conduct that does not violate a clearly-established constitutional right).

Chung's remaining contentions are unpersuasive.

09-17607

We do not consider Chung's documents and facts that were not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**